IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| REGGIE KIMBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-3279 |
| ) | |
| ALICIA M. GRANITO, Hearing Officer, ) | |
| ILLLINOIS SECRETARY OF STATE, ) | |
| ) | |
| Defendants. ) | |

OPINION

RICHARD MILLS, United States District Judge:

The Plaintiff appears to assert a claim under 42 U.S.C § 1983.[1]

Pending is the Defendants' motion to dismiss.

It is allowed.

Plaintiff Reggie Kimbrough filed a pro se complaint wherein he asks the Court to overturn the determination to revoke his commercial driver's license ("CDL") based on what he claims was an abuse of power by the hearing officer. The Plaintiff states that he lost his license due to a DUI in 2007. The Plaintiff alleges that although

---

[1] Plaintiff did not select the box for a claim under 42 U.S.C. § 1983. Upon viewing the complaint liberally, however, the Court finds that Plaintiff appears to be asserting a due process violation.

1

he has an Alabama driver's license, he cannot obtain a CDL until Illinois removes the hold.

At this stage, the Court accepts as true all of the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.* However, the claim need not be probable: a well-pleaded complaint may proceed even if the Court believes that actual proof of those facts is unlikely, and that the chance of any recovery is remote. *See Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id.*

The Court concludes that Plaintiff did not avail himself of the process he was afforded. The Plaintiff could have sought review pursuant to the Administrative Review Act and sought a hearing under 625 ILCS 5/2-118. "The action of the

Secretary of State in suspending, revoking or denying any license . . . shall be subject to judicial review in the Circuit Court of Sangamon County, in the Circuit Court of Jefferson County, or in the Circuit Court of Cook County, and the provisions of the Administrative Review Law." 625 ILCS 5/2-118(e). Generally, a plaintiff must exhaust the administrative process before filing suit. *See McCormick v. Waukegan School Dist. No. 60*, 374 F.3d 564, 568 (7th Cir. 2004). Assuming the denial of a CDL constitutes a due process violation, the Plaintiff's claim fails because he did not exhaust his administrative remedies.

The claim also fails for other reasons. The Supreme Court has "held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). There are exceptions to this general rule. *See Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002). A state may express its consent to suit in federal court, or Congress may abrogate the state's immunity via its enforcement powers. *See id*. "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Toeller v. Wisc. Dept. of Corrections*, 461 F.3d 871, 874 (7th Cir. 2006). Congress could have, but did not, abrogate the states' sovereign immunity from suit under 42 U.S.C. § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Accordingly, Eleventh Amendment immunity applies

to any claims against the Illinois Secretary of State, including any claims against Defendant Alicia Granito in her official capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (noting that a suit against a state official in her official capacity is a suit against the State itself).

To the extent that Plaintiff seeks to sue Granito in her individual capacity, the Court finds that the suit is barred on the basis of absolute immunity. "Absolute immunity is available to members of quasi-judicial adjudicatory bodies when they perform duties that are functionally comparable to those of a judicial body." *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). The Court concludes that the decision to grant or revoke a CDL is functionally comparable to the duties of a judicial body. Accordingly, Granito is entitled to absolute immunity.

Based on the foregoing, the Court concludes that Plaintiff's Complaint fails to state a claim for relief.

Ergo, the Motion of Defendants Alicia M. Granito and the Illinois Secretary of State to Dismiss the Plaintiff's Complaint [d/e 11] is GRANTED.

The Clerk will enter Judgment and terminate this case.

ENTER: December 12, 2019

    FOR THE COURT:

        /s/ *Richard Mills*
        Richard Mills
        United States District Judge